Opinion
 

 FUKUTO, J.
 

 Petitioner, Donald Roosevelt Soil, seeks a writ of mandate directing the superior court to set aside its order denying his motion to transfer his second motion to suppress evidence to the same judge who granted his first suppression motion.
 

 I. Factual and Procedural Background
 

 Petitioner was the defendant in a felony criminal case. He was charged with possession of cocaine, possession of a controlled substance in a jail, and with having multiple prior convictions.
 

 Petitioner was arraigned in superior court. About a month later, he filed a motion to suppress evidence pursuant to Penal Code section 1538.5.
 
 [1]
 
 Later, the matter was transferred for hearing before Judge Judith Abrams. Judge Abrams granted petitioner’s suppression motion. The People announced they could not proceed, and the case was dismissed.
 

 The People refiled the case. Although the second complaint contained a second count of possession of cocaine, the case is identical to the first case. Petitioner was held to answer at a preliminary hearing, and an information was filed in superior court. Petitioner once again filed a motion to suppress evidence, and the matter was before respondent calendar court (the municipal court sitting as the superior court) for assignment to another superior court department for hearing. Relying on section 1538.5, subdivisions (j) and (p), petitioner asked that the matter be transferred so that the suppression motion could be heard by Judge Abrams, the judge who heard and granted the first suppression motion.
 

 The People took the position that the ruling by Judge Abrams suppressing the evidence was wrong, and requested that the matter be assigned to “any other magistrate
 
 [sic,
 
 court] in the county.”
 
 [2]
 
 The People argued that since this was to be the second hearing, section 1538.5, subdivision (p) did not
 
 *875
 
 require that Judge Abrams hear the motion, and that it would be inappropriate and illogical to assign the case to her. The motion to transfer the case to Judge Abrams was denied, and this petition for writ of mandate followed.
 

 II. Contentions
 

 Petitioner contends that the denial of his motion to transfer the second suppression motion to Judge Abrams, the judge who granted the first suppression motion, was error since it was the intent of the Legislature, in amending section 1538.5 that the act not be used by a party as a means to forum shop.
 

 The People contend that the plain language of section 1538.5, subdivisions (j) and (p) does not require relitigation of a second suppression motion before the same judge who heard the first motion, and legislative history does not reveal an intent that the same judge hear all suppression
 
 [3]
 

 III. Discussion
 

 A.
 
 Rules of Statutory Interpretation
 

 Statutory interpretation requires a three-step process. First, a court should examine the actual language of the statute, giving the words of the statute their ordinary, everyday meaning.
 
 (Halbert’s Lumber, Inc.
 
 v.
 
 Lucky Stores, Inc.
 
 (1992) 6 Cal.App.4th 1233, 1238 [8 Cal.Rptr.2d 298].) If the meaning is without ambiguity, doubt, or uncertainty, then the language controls, and there is nothing to “interpret” or “construe.”
 
 (Id.
 
 at p. 1239.) It is only when the meaning of the words is not clear that courts are required to take a second step and refer to the legislative history.
 
 (Ibid.)
 
 The final step—which is required to be taken only when the first two steps have failed
 
 *876
 
 to reveal clear meaning—is to apply reason, practicality, and common sense to the language at hand. If possible, the words should be interpreted to make them workable and reasonable, in accord with common sense and justice, and to avoid an absurd result.
 
 (Ibid.)
 

 B.
 
 Suppression Motions
 

 Under section 1538.5, a defendant has a number of opportunities to move to suppress evidence. In felony cases initiated by complaints, the motion may be made in the municipal court at the preliminary hearing, or in the superior court upon the filing of the information. (§ 1538.5, subd. (f).)
 

 Prior to 1993, prosecutors were limited in their ability to relitigate suppression issues. If a motion to suppress was made and granted at the preliminary hearing and the case was dismissed by the magistrate or by the prosecution on its own motion, the prosecution was allowed to refile the case and start all over again. The ruling at the first motion to suppress was not binding on the refiled case. If the motion to suppress was granted at the preliminary hearing, but the defendant was nevertheless held to answer for trial, the prosecution was allowed to relitigate the suppression motion de novo at a special hearing in the superior court. Again, the ruling at the first motion to suppress was not binding at the subsequent hearing. If the motion to suppress was not made by the defendant at the preliminary hearing, but was made for the first time in the superior court, and was granted, the remedies available to the prosecution were as follows: (1) if the prosecution had additional evidence not presented at the motion to suppress and could show good cause why such evidence was not presented, the prosecution was allowed to present that evidence and seek to have the prior ruling overturned; and (2) the prosecution could seek appellate review. The prosecution could not, however, simply refile and relitigate the motion to suppress of a case dismissed as a result of an adverse ruling on a motion to suppress in the superior court.
 
 (Schlick
 
 v.
 
 Superior Court
 
 (1992) 4 Cal.4th 310, 316 [14 Cal.Rptr.2d 406, 841 P.2d 926]
 
 (Schlick).)
 
 The ruling on the motion to suppress in the superior court would be binding on the refiled case.
 
 (Ibid.)
 

 In 1993, the Legislature moved to correct the anomaly in the law caused by the
 
 Schlick
 
 decision by amending section 1538.5 to authorize the prosecution to have two opportunities to show that a challenged search was legal regardless of whether the challenge to the search is first brought in the municipal court or the superior court.
 

 Section 1538.5, subdivision (j) now provides that “[i]f the . . . evidence relates to a felony offense initiated by complaint and the defendant’s motion
 
 *877
 
 for . . . suppression of the evidence at the preliminary hearing is granted, and if the defendant is not held to answer
 
 at the preliminary hearing,
 
 the people may file a new complaint or seek an indictment after the preliminary hearing, and the ruling
 
 at the prior hearing
 
 shall not be binding in any subsequent proceeding, except as limited by subdivision (p). . . . The people may not request
 
 relitigation
 
 of the motion
 
 at a special hearing
 
 if the defendant’s motion has been granted twice. ... If the case has been dismissed pursuant to Section 1385, or if the people dismiss the case on their own motion
 
 after the special hearing,
 
 the people may file a new complaint or seek an indictment
 
 after the special hearing,
 
 and the ruling at the special hearing shall not be binding in any subsequent proceeding, except as limited by subdivision (p).” (Italics added.)
 

 Section 1538.5, subdivision (p) provides: “If a defendant’s motion to . . . suppress evidence in a felony matter has been granted twice, the people may not file a new complaint or seek an indictment in order to relitigate the motion or relitigate the matter de novo at a special hearing in the superior court as otherwise provided by subdivision (j), unless the people discover additional evidence relating to the motion that was not reasonably discoverable at the time of the second suppression hearing. Relitigation of the motion shall be heard by the same judge who granted the motion at the first hearing if the judge is available.”
 

 What is at issue here is the meaning and intent of the last sentence of section 1538.5, subdivision (p).
 

 C.
 
 Plain Language
 

 The People contend that the trial court correctly interpreted the last sentence in section 1538.5, subdivision (p) as allowing the second suppression motion to be heard by a judge other than the one who heard the first motion. The People note that “[t]he first sentence of subdivision (p) provides for a third hearing only if new evidence justifies it,” and conclude that “[t]he next sentence, which provides for ‘relitigation’ to be heard by the same judge who heard the ‘first’ motion, because of its location, modifies the first sentence, i.e., applies only to the third hearing.”
 

 Petitioner urges us to ignore the placement of the final sentence of section 1538.5, subdivision (p), and to focus, instead, upon the word “relitigation,” construing it to mean that relitigation of a second motion (or third motion should one become necessary) is to be heard by the same judge who heard the first motion, if that judge is available.
 

 Although the location of the language suggests the construction urged by the People, we are mindful of the interrelationship between section 1538.5,
 
 *878
 
 subdivisions (j) and (p), and of the fact that the statute provides for “relitigation” under a number of different circumstances. We conclude, therefore, that the language is not as plain as the People contend, and that we are thus required to review the legislative history of the statute as well as the historical circumstances of its enactment in order to determine the intent of the Legislature.
 
 (California Mfrs. Assn.
 
 v.
 
 Public Utilities Com.
 
 (1979) 24 Cal.3d 836, 844 [157 Cal.Rptr. 676, 598 P.2d 836].)
 

 D.
 
 Legislative Intent
 

 According to the People, the Legislature, in amending section 1538.5, intended the People to have “the right to two hearings without limitation, i.e., de novo.” The People conclude that the second hearing will not be truly de novo unless it is heard by a different judge than the one who heard the first motion. This analysis of the statute’s legislative history, and the conclusion reached by the People, is faulty.
 

 Senate Bill No. 933 was sponsored by the Los Angeles County District Attorney. (Sen. Bill No. 933 (1993-1994 Reg. Sess.) 1st reading Mar. 4, 1993.) When first introduced, the bill contained no language limiting the ability of the prosecutor to refile a case after the granting of two motions to suppress evidence. Nor did it contain language describing which judge or judges could hear second or third motions to suppress evidence.
 

 The bill analysis prepared by the Senate Committee on the Judiciary noted that the bill, as introduced, would allow the People at least four suppression hearings. The analysis concluded that the described “ability to relitigate suppression motions is undoubtedly not intended by the sponsor.” (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 933 (1993-1994 Reg. Sess.) May 11, 1993.) The analysis also noted that California Attorneys for Criminal Justice (CACJ) opposed the bill “because it would allow prosecutors to ‘take another shot’ with another judge after losing a suppression motion in superior court. CACJ believes that the bill would encourage forum shopping . . . .”
 
 {Ibid.)
 

 The bill was then amended to specify “that the intent of the Legislature, through this legislation, shall not be construed as a means to forum shop.” (Sen. Com. on Judiciary, 3d reading analysis of Sen. Bill No. 933 (1993-1994 Reg. Sess.) May 20, 1993.) Section 1 of Senate Bill No. 933 was then amended to read: “It is the intent of the Legislature, in amending Section 1538.5 of the Penal Code, that this act shall not be construed or used by a
 
 *879
 
 party as a means to forum shop.” (Sen. Bill No. 933 (1993-1994 Reg. Sess.) as amended May 20, 1993.)
 

 The amended version of Senate Bill No. 933 also contained, for the first time, specific language limiting the ability of the People to refile a third time after two previous motions to suppress had been granted. This language was added to the bill as section 1538.5, subdivision (p). The bill did not, however, contain any language in subdivision (p) or anywhere else specifying that a relitigated motion to suppress would return to the judge who granted the original motion. (Sen. Bill No. 933 (1993-1994 Reg. Sess.) as amended May 20, 1993.)
 

 The bill continued on its journey through the legislative process and, after being amended in the Assembly, returned to the Senate for concurrence in the Assembly amendments.
 
 [4]
 
 The bill now contained specific language restricting the ability to forum shop. “Relitigation of the motion shall be heard by the same judge who granted the motion at the first hearing if the judge is available.” (Sen. Bill No. 933 (1993-1994 Reg. Sess.) as amended Aug. 16, 1993.) This sentence was placed next to the limitation on multiple refilings contained in section 1538.5, subdivision (p).
 

 The People have failed to track the changes made to the bill between the time it was first introduced and finally chaptered in response to legislative concerns. The bill, as first introduced, would have given the People exactly what they now claim to have, i.e., the ability to have two de novo hearings in front of two different judges. In response to legislative concerns that this ability would lead to forum shopping, the Legislature included the last sentence of section 1538.5, subdivision (p) which, we conclude, means that the second suppression motion is required to be heard by the judge who heard the first suppression motion, if the judge is available to hear the motion.
 

 Our conclusion is consistent with the statement of need advanced by the People in support of the bill. The Los Angeles County District Attorney, which sponsored the bill, did not ask the Legislature to enact the 1993 amendments to allow the district attorney a second chance at a motion to suppress evidence (before a different judge) just because the People disagreed with the ruling made in connection with the first motion. The district attorney told the Legislature the reason the amendment was needed was
 
 *880
 
 because trial deputies were overworked and might lose the first suppression motion simply because they did a poor job of presenting the evidence.
 
 [5]
 
 Given this statement of need, it makes sense that the same judge who heard the first motion, and granted it, should hear the second motion. When the same judge hears the evidence which was previously omitted, or the argument that the previously unprepared prosecutor forgot to make, then the judge will once again make the correct ruling, which this time will be to deny the suppression motion.
 

 In supporting Senate Bill No. 933, the Los Angeles County District Attorney told the Legislature “ ‘courts are aware of the problems caused by forum shopping and have devised procedures to prevent it. Moreover, cases are usually assigned by court clerks or by random assignment so that there is no way a prosecutor could direct a case into a particular court.’ ” (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 933, as amended May 20, 1993, for hearing on July 13, 1993.) In other words, prosecutors would not, if given an opportunity to relitigate, attempt to direct a case
 
 into
 
 a particular court. Ironically, what the People now appear to want is the opportunity to direct a case
 
 away
 
 from a particular court. This can only be described as the very forum shopping the Legislature recognized as a problem and attempted to remedy by inserting a prohibition against the evil within section 1538.5, subdivision (p).
 

 Nothing contained within the legislative history suggests that the Legislature intended to allow, in connection with the relitigation of a suppression motion, the type of forum shopping urged by the People. In fact, just the opposite is true. We conclude, therefore, that the language in question must be construed as applying to all relitigations, not just to suppression motions which have been heard two times. To hold otherwise, we believe, would defeat the general purpose of the statute and lead to absurd consequences.
 

 IV. Disposition
 

 Let a peremptory writ of mandate issue directing the respondent court to vacate its order of January 19, 1997, denying petitioner’s motion to transfer
 
 *881
 
 his second motion to suppress to the judge who heard his first motion tosuppress. The order to show cause is discharged. The temporary stay is vacated.
 

 Boren, P. J., and Zebrowski, J., concurred.
 

 [1]
 

 All further statutory references are to the Penal Code unless otherwise indicated.
 

 [2]
 

 “[Prosecutor] Your Honor, being it is our position that the court, Judge Abrams’, ruling on September 30,1996, on the first 1538.5 motion in the old case No. SA024688 was extremely
 
 *875
 
 —officially—but a bad ruling, was inappropriate. [<]Q The Court: You disagreed with the court’s ruling? [H [Prosecutor]: I disagreed with the court’s ruling. So we refiled the case. It went past prelim the second time. And now it is in this courtroom. We think it is inappropriate to have Judge Abrams hear this matter again because she will have already heard this matter once and made a decision first. We would ask that you appoint any other magistrate in the county.”
 

 [3]
 

 The People also contend—for the first time here—that it was incumbent upon the trial court to make a specific finding that the judge who heard the first suppression motion (Judge Abrams) was available to hear the second suppression motion. The People argue that defense counsel’s statement on the record that “Judge Abrams is here, and she is available,” is not sufficient. The record reflects that the People made no objection to defense counsel’s assertion that Judge Abrams was available, and no evidence was introduced to controvert defense counsel’s statement. More importantly, the court had no occasion to make a finding concerning Judge Abrams’s availability since such a finding would only have been required had the court determined that it was required pursuant to section 1538.5, subdivision (p) to transfer petitioner’s motion to Judge Abrams.
 

 [4]
 

 Contained within the Senate Floor Analysis prepared for hearing on August 26, 1993, is the following statement: “Assembly Amendments provide that relitigation of a specified motion must be heard by the same judge, if possible.” (Sen. Com. on Judiciary, Floor Analysis, Sen. Bill No. 933 (1993-1994 Reg. Sess.) as amended Aug. 16, 1993.)
 

 [5]
 

 “The problem with this decision [referring to
 
 Schlick]
 
 is that we can now suffer the permanent dismissal of a felony case simply because we did a poor job in presenting our evidence at the 1538.5 motion in the superior court. . . . But very often the reason we didn’t do a good job at the first hearing was simply that due to the press of cases our deputy was not sufficiently prepared, or did not subpoena an essential witness, or an essential witness did not appear. These reasons would not be considered good cause to renew the hearing but do occur with some frequency .... The right to refile and relitigate the 1538.5 motion—even if it means admitting we did a bad job the first time—is better than the irredeemable dismissal of an important case.” (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 933 (1993-1994 Reg. Sess.) May 11, 1993.)