[No. B152112. Second Dist., Div. Three. Feb. 28, 2002.*]

DALE SHELDON BARNES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

*Review granted May 15, 2002. Opinion directed to be published by the Supreme Court on August 1, 2002. On October 2, 2002, review dismissed and cause remanded to Court of Appeal, Second Appellate District, Division Three. The Court of Appeal opinion is to remain published.

## COUNSEL

Michael P. Judge, Public Defender, Beatrice Ingram, Mark Harvis and John Hamilton Scott, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Steve Cooley, District Attorney, Patrick D. Moran and Brentford J. Ferreira, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**CROSKEY, J.**—Petitioner, Dale Sheldon Barnes, seeks a writ of mandate directing the trial court, Judge Teri Schwartz, to vacate its order denying his request to have his second motion to suppress evidence heard by the same judge who granted his first motion, Judge Terry Smerling. Barnes asserts the trial court erred in concluding the People's affidavit, filed as to Judge Smerling pursuant to Code of Civil Procedure section 170.6, precluded the judge from hearing Barnes's second motion to suppress evidence under the provisions of Penal Code section 1538.5, subdivision (p).

For the reasons stated below, we agree with Barnes. Under the provisions of Penal Code, section 1538.5, subdivisions (j) and (p), his second motion to suppress evidence was required to be heard by the same judge who granted his first motion. Accordingly, we order that a writ of mandate shall issue.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 1998, Barnes was charged with possession of .36 grams of a substance containing cocaine, in violation of Health and Safety Code section 11350, subdivision (a). It was further alleged Barnes had suffered prior prison terms and 15 prior convictions within the meaning of Penal Code section 667, subdivisions (b) through (i), the "Three Strikes" law. On October 15, 1998, Barnes made a motion to suppress evidence. However, before the motion could be heard, the trial court, Judge Terry Smerling, addressed Barnes and informed him that if he pleaded guilty to the charged offense and admitted all prior strike and prison term allegations, the court

would strike all but one of Barnes's 15 prior convictions and sentence him to a term of eight years in prison. Barnes, relying on the trial court's indicated sentence, entered a plea of no contest and admitted all the alleged priors. Judge Smerling sentenced Barnes to eight years in prison. The People appealed.

In an unpublished opinion filed June 22, 2000, this court reversed, concluding Judge Smerling had abused his discretion in striking 14 of Barnes's 15 prior convictions (*People v. Barnes* (June 22, 2002, B127872) [nonpub. opn.]). We vacated the order striking Barnes's prior convictions and the sentence imposed and remanded the matter to allow Barnes to withdraw his plea and for further proceedings.

On remand, Barnes withdrew his plea. After the district attorney again charged him with possession of a controlled substance, Barnes renewed his motion to suppress evidence. At a hearing held on July 25, 2001, Judge Smerling indicated he did not believe the police officer's testimony that Barnes had dropped narcotics. Judge Smerling stated the officer's "demeanor [had been] very nervous [and] very eager." The judge continued, "For a veteran police officer, it struck me as being very peculiar. It just jumped out at me. And his story is contradicted, to a large extent, by [Barnes's eyewitness]. . . . [¶] I know there [were] some problems with her testimony too but, all in all, I thought she was telling the truth." Judge Smerling concluded Barnes had not "dropped" narcotics and that, instead, the detaining police officers had conducted an unlawful search. After Judge Smerling granted Barnes's motion to suppress evidence, the district attorney indicated the People could not proceed and the matter was dismissed pursuant to Penal Code section 1385.[1]

The People refiled the matter as case No. GA046884 on July 27, 2001. The case was called for arraignment on August 1, 2001, before Judge Smerling. When the People filed an affidavit of prejudice against Judge Smerling pursuant to Code of Civil Procedure, section 170.6,[2] the matter was transferred to the courtroom of Judge Teri Schwartz. Barnes entered a plea of not guilty and a preliminary hearing was scheduled for August 14, 2001.

---

[1]Penal Code section 1385 provides in relevant part: "(a) The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. . . ."

[2]Code of Civil Procedure section 170.6 provides in relevant part: "(1) No judge . . . shall try any civil or criminal action or special proceeding of any kind or character nor hear any matter therein that involves a contested issue of law or fact when it shall be established as hereinafter provided that the judge . . . is prejudiced against any party or attorney or the interest of any party or attorney appearing in the action or proceeding. [¶] (2) Any party to or any attorney appearing in any such action or proceeding may establish this prejudice by an oral or written motion without notice supported by affidavit or declaration under penalty of perjury or an oral statement under oath that the judge . . . before whom the action or proceeding is pending or to whom it is assigned is prejudiced against any such party or

Barnes again filed a motion to suppress evidence. Further, pursuant to the provisions of Penal Code section 1538.5, subdivision (p), which indicate that subsequent motions to suppress evidence are to be heard by the same judge who granted the first motion if that judge is available, Barnes argued that he was entitled to have the motion to suppress heard by Judge Smerling, not Judge Schwartz.

At proceedings held on August 3, 2001, Judge Schwartz denied Barnes's request that his suppression motion be heard by Judge Smerling. Judge Schwartz determined that, since the People had disqualified him pursuant to Code of Civil Procedure section 170.6, Judge Smerling was "unavailable" to hear the suppression motion. Judge Schwartz stated, "The Legislature has enacted two statutes in this area. [Section] 170.6 of the Code of Civil Procedure cites the unavailability of the judge. Despite that, [Penal Code section] 1538.5[, subdivision] (p) requires the relitigation or the rehearing of a suppression motion before the original judge, if available. The Legislature in that section did not see fit to make an exception for those judges that are challenged pursuant to [section] 170.6, nor did the Legislature see fit to include that in their definition of availability or unavailability. [¶] There-fore, . . . when a judge is disqualified, a judge is unavailable."

In reaching this conclusion, the trial court also considered Code of Civil Procedure section 170.4. That section indicates that once a judge is disquali-fied, he or she may still "do any of the following: [¶] (1) Take any action or issue any order necessary to maintain the jurisdiction of the court pending the assignment of a judge not disqualified. [¶] (2) Request any other judge agreed upon by the parties to sit and act in his or her place. [¶] (3) Hear and determine purely default matters. [¶] (4) Issue an order for possession prior to judgment in eminent domain proceedings. [¶] (5) Set proceedings for trial or hearing. [¶] (6) Conduct settlement conferences." Since section 170.4 does not list the hearing of a motion to suppress evidence as one of the functions a disqualified judge may perform, the trial court noted that, once a judge has been disqualified under section 170.6, that judge must be consid-ered unavailable to hear a motion to suppress pursuant to the provisions of Penal Code section 1538.5, subdivision (p).

Judge Schwartz indicated it was unnecessary for her to review the legis-lative history of Penal Code section 1538.5, subdivisions (p) and (j). She

attorney or the interest of the party or attorney so that the party or attorney cannot or believes that he or she cannot have a fair and impartial trial or hearing before the judge . . . . [¶] (3) If the motion is duly presented . . . , thereupon and without any further act or proof, the judge supervising the master calendar . . . shall assign some other judge . . . to try the cause or hear the matter. . . ."

stated, "[T]he clear wording of the statute makes the Legislature's intent clear, in my opinion, and there's no need to resort to legislative history, or to anything else, because there is no ambiguity. [Section 1538.5, subdivision (p)] says 'if available,' and [Judge Smerling] is not available."

Barnes filed the present petition for writ of mandate on August 9, 2001. We issued a stay of further proceedings, issued an order to show cause and set the matter on calendar for oral argument.

## DISCUSSION

Prior to 1993, the California Supreme Court interpreted subdivision (d) of Penal Code section 1538.5[3] as precluding relitigation of a motion to suppress evidence that had been granted in a felony matter in superior court. (*Schlick v. Superior Court* (1992) 4 Cal.4th 310, 315 [14 Cal.Rptr.2d 406, 841 P.2d 926].)[4] Although the People were free to refile a case after the granting of a motion to suppress evidence, they could not relitigate the motion. Instead, they were bound by the initial court's ruling. (See *ibid.*)

In response to the *Schlick* case, in 1993 the Legislature amended Penal Code section 1538.5 by revising subdivision (j) and adding subdivision (p). Subdivision (j) now reads in relevant part: "If the property or evidence relates to a felony offense initiated by [a] complaint and the defendant's motion for the return of the property or suppression of the evidence at the preliminary hearing is granted, and if the defendant is not held to answer at the preliminary hearing, the [P]eople may file a new complaint or seek an indictment after the preliminary hearing, and the ruling at the prior hearing

---

[3]Subdivision (d) of Penal Code section 1538.5 provides in relevant part: "If a search or seizure motion is granted pursuant to the proceedings authorized by this section, the property or evidence shall not be admissible against the movant at any trial or other hearing unless further proceedings authorized by this section, Section 871.5, 1238, or 1466 are utilized by the people."

[4]At the time of the *Schlick* opinion, the statute made no reference to proceedings held in superior court. It did, however, indicate that a motion to suppress evidence made in front of a *magistrate* at a *preliminary hearing* could be relitigated following dismissal and the filing of a new complaint. The *Schlick* court concluded the Legislature's explicit language regarding rulings by magistrates at preliminary hearings, and its failure to include such language regarding rulings by the superior court, indicated "the omission was deliberate." (*Schlick v. Superior Court, supra,* 4 Cal.4th at p. 315.) The court noted that, at the time the prior Penal Code section 1538.5, subdivision (j) was enacted, the "Legislature reasonably could have concluded that a superior court's ruling, following a special hearing convened for the limited purpose of resolving the suppression issues, [was] entitled to greater weight or dignity than a magistrate's ruling made during a hearing of considerably broader scope. [Citation.] Indeed, as [one case] observe[d], at the time [Penal Code] section 1538.5, subdivision (d), was drafted, a magistrate was not required to be a member of the [state] bar to qualify for that position, and his rulings were subject to relitigation in superior court." (*Schlick,* at p. 316.)

shall not be binding in any subsequent proceeding, *except as limited by subdivision (p)*. . . . If the case has been dismissed pursuant to Section 1385, or if the [P]eople dismiss the case on their own motion after [a] special hearing [in the superior court], the [P]eople may file a new complaint or seek an indictment after the special hearing, and the ruling at the special hearing shall not be binding in any subsequent proceeding, *except as limited by subdivision (p)*." (Italics added.)[5] Subdivision (p) provides that "[i]f a defendant's motion to return property or suppress evidence in a felony matter has been granted twice, the [P]eople may not file a new complaint or seek an indictment in order to relitigate the motion or relitigate the matter de novo at a special hearing in the superior court as otherwise provided by subdivision (j), unless the [P]eople discover additional evidence relating to the motion that was not reasonably discoverable at the time of the second suppression hearing.[6] *Relitigation of the motion shall be heard by the same judge who granted the motion at the first hearing if the judge is available.*" (Italics added.)

■ "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.] In order to determine this intent, we begin by examining the language of the statute. [Citations.] But '[i]t is a settled principle of statutory interpretation that language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend.' [Citations.] Thus, '[t]he intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act.' [Citation.] Finally, we do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' [Citation.]" (*People v. Pieters* (1991) 52 Cal.3d 894, 898-899 [276 Cal.Rptr. 918, 802 P.2d 420].)

■ Reading the subdivisions together, it is clear that Penal Code section 1538.5, subdivision (p) imposes two limitations on the relitigation of a motion to suppress evidence brought pursuant to subdivision (j). The first limitation applies only to a motion to suppress evidence which has been

---

[5] We note that, as revised, Penal Code section 1538.5, subdivision (j) treats motions made before magistrates and judges similarly, if not identically. (See *People v. Glenn* (1997) 56 Cal.App.4th 886, 887 [65 Cal.Rptr.2d 797] [Revised "Penal Code section 1538.5, subdivision (j) gives the People the right to relitigate a suppression motion a second time whether or not the first suppression motion was granted at a preliminary hearing or in the superior court."].)

[6] We recognize that for the suppression motion to be relitigated a third time, the district attorney is required to present additional evidence. However, we note that nothing in the statute precludes the People from presenting new evidence that was not reasonably discoverable at the time of a prior hearing at *any* subsequent hearing.

twice before granted. This third motion to suppress may only be litigated if the People discover additional evidence relating to the motion that was not reasonably discoverable at the time of the second suppression hearing. The second limitation, the one we are presently concerned with, applies to *any* subsequent motion to suppress evidence and requires that the motion be heard by the same judge who granted the first motion if that judge is available.

It has been argued that because the first sentence in Penal Code section 1538.5, subdivision (p) begins with the phrase, "If a defendant's motion to return property or suppress evidence in a felony matter has been granted *twice* . . ." (italics added), the entire subdivision applies only to a third or subsequent motion to suppress evidence. In other words, subdivision (p)'s second sentence, requiring relitigation of the motion before the same judge who granted the first motion, does not apply to a *second* motion to suppress evidence. Such a reading would, however, lead to a bizarre result—a third suppression motion would be required to be heard by the same judge who granted the first one, while the second motion could be heard by any judge. Such an interpretation clearly violates the Legislature's intent in enacting section 1538.5, subdivisions (j) and (p).

The legislative history of Penal Code section 1538.5, subdivisions (j) and (p) indicates they were, in general, intended to allow the prosecution to relitigate a motion to suppress evidence in superior court after the refiling of a felony charge. The Senate bill (Senate Bill No. 933) providing for these changes was sponsored by the Los Angeles District Attorney. In support of the bill, the district attorney's office indicated "that 'superior court calendars are crowded. Deputy district attorneys must juggle many cases each day. . . .' [¶] . . . Often, the [motion to suppress evidence] is dispositive of a case. If it is granted, the case must be dismissed. If it is denied, the defendant will plead guilty or in all likelihood be found guilty if brought to trial. The [Los Angeles District Attorney] believes that 'it is unfair to the prosecution . . . for a criminal defendant whose culpability for a serious felony may be beyond question to "beat the rap" simply because an over-worked prosecutor at one pretrial hearing was unable to present the People's evidence in the most effective manner. The ability to refile and relitigate the suppression motion . . . will largely overcome this without compr[om]ising any constitutional right of the defendant . . . .' " (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 933 (1993-1994 Reg. Sess.) as amended May 20, 1993, pp. 2-3.)

However, the legislative history also makes it clear the Legislature intended these amendments to prohibit prosecutors from forum shopping. The

bill analysis states: "First of all, this bill specifies that the intent of the Legislature, through this legislation, shall not be construed as a means to forum shop." (Sen. Com. on Public Safety, 3d reading analysis of Sen. Bill No. 933 (1993-1994 Reg. Sess.) p. 3.) With this in mind, subdivision (p) of Penal Code section 1538.5 was drafted to include the sentence: "Relitigation of the motion shall be heard by the same judge who granted the motion at the first hearing if the judge is available." The legislative goal of preventing forum shopping can only be implemented if the same judge who granted the first motion to suppress evidence hears *all* subsequent motions whenever that judge is available.

Barnes argues the trial court's interpretation of Penal Code section 1538.5, subdivision (p), that the filing of a Code of Civil Procedure section 170.6 affidavit will render a judge unavailable for purposes of that subdivision, nullifies the Legislature's intent to prohibit forum shopping. His argument is supported by the court's opinion in *Soil v. Superior Court* (1997) 55 Cal.App.4th 872 [64 Cal.Rptr.2d 319]. In that case, the defendant was charged with possession of narcotics. He made a motion to suppress evidence, which was granted by Judge Judith Abrams. When the People then announced they could not proceed, the matter was dismissed. The People refiled the case and the defendant again made a motion to suppress evidence. Relying on subdivisions (j) and (p) of Penal Code section 1538.5, the defendant asked that the matter be transferred to Judge Abrams's department so that the suppression motion could be heard by "the same judge who granted the motion at the first hearing." (Pen. Code, § 1538.5, subd. (p).) The People objected, arguing that Judge Abrams's prior ruling had been "wrong," and requested that the matter be assigned to " 'any other [judge].' " (*Soil v. Superior Court, supra,* 55 Cal.App.4th at p. 874.) The motion to transfer the case to Judge Abrams was denied and the defendant petitioned the appellate court for a writ of mandate.

In its opinion, the *Soil* court engaged in a lengthy discussion of the legislative history of Penal Code section 1538.5, subdivisions (j) and (p). Recognizing that Senate Bill No. 933 had been sponsored by the Los Angeles District Attorney, the court noted that, as first drafted, it contained few limitations on a prosecutor's ability to refile a case after the granting of a motion to suppress evidence. (*Soil v. Superior Court, supra,* 55 Cal.App.4th at p. 878.) As the bill progressed, certain limitations were added. "In response to legislative concerns that [without restrictions the bill] would lead to forum shopping, the Legislature included the last sentence of section 1538.5, subdivision (p)" which, the *Soil* court concluded, "means that the second suppression motion is required to be heard by the judge who heard the first suppression motion, if the judge is available to hear the motion." (*Id.* at p. 879.)

Although the *Soil* court did not discuss the meaning of the term "available," it noted that its "conclusion [was] consistent with the statement of need advanced by the People in support of the bill. The Los Angeles County District Attorney, . . . [had not asked] the Legislature to enact the 1993 amendments to allow the district attorney a second chance at a motion to suppress evidence (before a different judge) just because the People disagreed with the ruling made in connection with the first motion. The district attorney told the Legislature the reason the amendment was needed was because trial deputies were overworked and might lose the first suppression motion simply because they did a poor job of presenting the evidence. Given this statement of need, it makes sense that the same judge who heard the first motion, and granted it, should hear the second motion. When the same judge hears the evidence [that] was previously omitted, or the argument that the previously unprepared prosecutor forgot to make, then the judge will once again make the correct ruling, which this time will be to deny the suppression motion." (*Soil v. Superior Court, supra,* 55 Cal.App.4th at pp. 879-880, fn. omitted.) We emphasize that the rationale tendered by the Los Angeles District Attorney for the requested statutory change in no way relied on or supported the proposition that the same judge who heard the first motion is not the proper arbiter to hear a second motion.

With regard to the question of forum shopping, the *Soil* court noted that, "[i]n supporting Senate Bill No. 933, the Los Angeles County District Attorney told the Legislature ' "courts are aware of the problems caused by forum shopping and have devised procedures to prevent it. Moreover, cases are usually assigned by court clerks or by random assignment so that there is no way a prosecutor could direct a case into a particular court." ' [Citation.] In other words, prosecutors would not, if given an opportunity to relitigate, attempt to direct a case *into* a particular court. Ironically, what the People now appear to want is the opportunity to direct a case *away* from a particular court. This can only be described as the very forum shopping the Legislature recognized as a problem and attempted to remedy by inserting a prohibition against the evil within [Penal Code] section 1538.5, subdivision (p)." (*Soil v. Superior Court, supra,* 55 Cal.App.4th at p. 880.)

Barnes is correct in his assertion that, in making its ruling, the trial court failed to consider the Legislature's intent in enacting Penal Code section 1538.5, subdivisions (j) and (p). Instead, the court focused only on the plain language of subdivision (p), in juxtaposition with the plain language of Code of Civil Procedure section 170.6 and its companion section, 170.4. However, the trial court's literal reading of the statutes produces a result the Legislature could not have intended. The trial court's interpretation of the relationship between Code of Civil Procedure section 170.6 and Penal Code section

1538.5, subdivision (p) essentially eviscerates the provisions of subdivision (p). To allow, as would the trial court, the People to make a judge unavailable for purposes of subdivision (p) by simply filing an affidavit of prejudice under Code of Civil Procedure section 170.6 could easily lead to the very prosecutorial forum shopping that subdivision (p) was enacted to prevent. (See *Solberg v. Superior Court* (1977) 19 Cal.3d 182, 194 [137 Cal.Rptr. 460, 561 P.2d 1148] [It has been recognized that "section 170.6 has assertedly been invoked for the purpose of 'judge-shopping,' i.e., of removing the assigned judge from the case on grounds other than a belief that he is personally prejudiced within the meaning of the statute."].) Accordingly, we hold that a judge who has been disqualified pursuant to Code of Civil Procedure section 170.6 is not precluded from hearing a motion to suppress evidence under the provisions of Penal Code section 1538.5, subdivision (p). Disqualification pursuant to Code of Civil Procedure section 170.6 does not make a judge unavailable to hear a subsequent suppression motion pursuant to Penal Code section 1538.5, subdivision (p).[7]

■ Our conclusion is bolstered by the well-settled rule " ' "that a general [statutory] provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates." ' " (*Miller v. Superior Court* (1999) 21 Cal.4th 883, 895 [89 Cal.Rptr.2d 834, 986 P.2d 170].) ■ Here, we cannot conclude that the more general Code of Civil Procedure section 170.6 was intended to permit the forum shopping Penal

---

[7]The People argue that to interpret Penal Code section 1538.5 as precluding a prosecutor from using a Code of Civil Procedure section 170.6 challenge at a second or third suppression hearing violates the prosecution's right to due process of law. The People refer us to subdivision (b) of section 1538.5 of the Penal Code which indicates that, if possible and when consistent with the provisions of Code of Civil Procedure sections 170 to 170.6, an initial motion to suppress evidence should be heard by the same magistrate who issued a relevant search warrant. The People urge it is unfair to allow the defendant to file a Code of Civil Procedure section 170.6 affidavit against a magistrate at this point in the proceedings if the People are to be later precluded from filing an affidavit.

" 'Unless application of a statute impinges upon "fundamental rights," the initial question posed by a substantive due process challenge is whether the application is procedurally fair and reasonably related to a proper legislative goal. [Citations.]' " (*People v. Gallegos* (1997) 54 Cal.App.4th 252, 262 [62 Cal.Rptr.2d 666].) Here, "[s]ection 1538.5, subdivision (p) [of the Penal Code] provides that relitigation of a motion [to suppress] shall be heard by the same judge who granted the motion at the first hearing if the judge is available. This provision, adopted at the same time as the challenged relitigation provision of section 1538.5, subdivision (j), acts to prevent the inherent unfairness of seeking a different ruling from a different judge in the context of opposing suppression motions." (*Id.* at p. 263.) Moreover, we note that, although it is more likely a defendant will want to file a Code of Civil Procedure section 170.6 affidavit against the judge who signed a search warrant, nothing in subdivision (b) precludes the People from doing so.

Code section 1538.5, subdivision (p), was specifically enacted to prevent. We instead hold that the Code of Civil Procedure section 170.6 right to disqualify a judge necessarily encompasses an implied exception, pursuant to Penal Code section 1538.5, subdivision (p), for the relitigation of any subsequent motion to suppress evidence. (See *People v. Gallegos, supra,* 54 Cal.App.4th at p. 260 [a Code Civ. Proc., § 170.6 challenge to the trial judge was rejected based on the language in Pen. Code, § 1538.5, subd. (p), that "[r]elitigation of the motion shall be heard by the same judge who granted the motion at the first hearing if the judge is available."].)

In their supplemental brief in opposition to Barnes's petition for writ of mandate, the People assert that, since the last sentence of Penal Code section 1538.5, subdivision (p) refers only to "judge[s]" and does not mention "magistrates," that section cannot be applied to a renewed motion to suppress evidence brought at a preliminary hearing before a magistrate. The argument is not persuasive. In Penal Code section 808, the Legislature designated "[t]he following persons a[s] magistrates: [¶] 1. The judges of the Supreme Court. [¶] 2. The judges of the courts of appeal. [¶] 3. The judges of the superior courts. [¶] 4. The judges of the municipal courts." Nothing in either the history or text of the revised subdivisions of Penal Code section 1538.5 indicates magistrates and judges were intended to be considered differently. To the contrary, the language employed in the revised subdivision (j) indicates judges and magistrates are to be viewed identically. To the extent section 1538.5 makes any distinctions, it addresses only the nominal procedural differences which occur when a motion to suppress evidence is heard before a magistrate at a preliminary hearing rather than before a judge in the superior court. Even though such distinction is made by the statute, as we have already noted, the rules to be applied are the same.

## CONCLUSION

Subdivision (p) of Penal Code section 1538.5 imposes two limitations on the relitigation of a motion to suppress evidence. The first, which requires that additional evidence be provided, applies only to the relitigation of a motion which has been *twice* before granted. The second limitation, the requirement that the motion be heard by the judge who first granted it if that judge is available, applies to *all* subsequent motions to suppress evidence. Such an interpretation is wholly consistent with the Legislature's stated intent to prevent forum shopping. In furtherance of that stated goal, we conclude that a judge who has been disqualified pursuant to Code of Civil Procedure section 170.6 may nevertheless hear a suppression motion under the provisions of Penal Code section 1538.5, subdivision (p); disqualification pursuant to section 170.6 does not make a judge unavailable to hear a subsequent motion to suppress evidence.

## DISPOSITION

The order to show cause heretofore issued is discharged. A peremptory writ of mandate shall issue directing the trial court to vacate its August 3, 2001 order denying Barnes's request that his suppression motion be heard by the judge who granted the motion at the first hearing, Judge Terry Smerling, and to instead enter an order granting that request. The stay of proceedings heretofore issued shall be vacated as of the date of the remittitur herein.

Klein, P. J., and Aldrich, J., concurred.