[No. S099542. Aug. 1, 2002.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
RODRIGO ALBERTO JIMENEZ, Real Party in Interest.

## COUNSEL

Steve Cooley, District Attorney, George M. Palmer, Head Deputy District Attorney, Brentford J. Ferreira and Brent Riggs, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Michael P. Judge, Public Defender, Judith Greenberg, Mark Harvis and John Hamilton Scott, Deputy Public Defenders, for Real Party in Interest.

Steven J. Carroll, Public Defender (San Diego) and Matthew C. Braner, Deputy Public Defender, for San Diego Public Defenders Office as Amicus Curiae on behalf of Real Party in Interest.

## OPINION

**CHIN, J.**—The Legislature has provided that when a felony case is dismissed because a magistrate or court granted a motion to suppress evidence, making the evidence insufficient, the prosecution may refile the case and relitigate the suppression motion. (Pen. Code, § 1538.5, subd. (j).) However, the Legislature has also provided that the relitigated motion "shall be heard by the same judge who granted the motion at the first hearing if the judge is available." (Pen. Code, § 1538.5, subd. (p); see *Soil v. Superior Court* (1997) 55 Cal.App.4th 872 [64 Cal.Rptr.2d 319].) We granted review primarily to decide whether the prosecution may peremptorily challenge that judge under Code of Civil Procedure section 170.6, thus making the judge unavailable to hear the relitigated suppression motion.

To allow the prosecution to peremptorily challenge the judge, or judge acting as a magistrate, who decided the first suppression motion would sanction the forum shopping the Legislature prohibited when it enacted Penal Code section 1538.5, subdivision (p). Accordingly, we conclude that, notwithstanding a peremptory challenge, that judge or magistrate, if otherwise available, remains available to hear the relitigated suppression motion. We also conclude that a party may file in the superior court a petition for writ of mandate contesting the validity of a peremptory challenge to a magistrate.

## I. PROCEDURAL HISTORY

In April 2000, defendant was charged by felony complaint with possessing cocaine. At the preliminary hearing, he moved to suppress evidence

pursuant to Penal Code section 1538.5. Judge Michael E. Pastor, a superior court judge acting as a magistrate, granted the motion and then dismissed the case for insufficient evidence. The prosecution refiled the matter, charging the same offense based on the same facts. The case was originally assigned to Judge Marlene Kristovich. Defendant again moved to suppress the evidence and requested the motion be assigned to Judge Pastor. Judge Kristovich granted the request and assigned the motion to Judge Pastor to conduct the hearing as a magistrate. The prosecution challenged Judge Pastor under Code of Civil Procedure section 170.6. Judge Pastor accepted the challenge and returned the case to Judge Kristovich.

Thereafter, defendant filed a petition for writ of mandate in the superior court contesting Judge Pastor's disqualification. He argued that Penal Code section 1538.5, subdivision (p), gave him the right to have the same judge rehear the suppression motion. Judge Stephen E. O'Neil issued the writ and ordered Judge Pastor to hear the suppression motion. The People then filed the instant petition for writ of mandate in the Court of Appeal challenging this ruling. The Court of Appeal held that defendant should have filed the underlying writ petition in the Court of Appeal rather than superior court, but it also decided the merits of the question. It held that a judge who has been peremptorily challenged under Code of Civil Procedure section 170.6 is not available to hear the new suppression motion.

We granted defendant's petition to review (1) whether defendant properly filed the underlying writ petition in the superior court; and (2) whether Penal Code section 1538.5, subdivision (p), limits the People's ability to exercise a peremptory challenge under Code of Civil Procedure section 170.6.

## II. Discussion

### A. *A Party May File in the Superior Court a Petition for Writ of Mandate Contesting the Validity of a Challenge to a Magistrate.*

■ As explained further below, a party to an action may generally challenge a judge peremptorily under Code of Civil Procedure section 170.6. Code of Civil Procedure section 170.3, subdivision (d), enacted in 1984, provides the exclusive means for seeking review of a ruling on a peremptory challenge to a judge. (*People v. Hull* (1991) 1 Cal.4th 266 [2 Cal.Rptr.2d 526, 820 P.2d 1036].) That subdivision provides: "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate *from the appropriate court of appeal* sought within 10 days of notice to the parties of the decision and only by the parties to the proceeding." (Code Civ. Proc., § 170.3, subd. (d), italics

added.) Here, defendant sought review in the superior court, not the Court of Appeal. The Court of Appeal held that only it could consider the challenge and, accordingly, the superior court lacked jurisdiction over the matter. We disagree. Judge Pastor, although a judge of the superior court, was acting as a magistrate in this matter. The superior court generally has jurisdiction to review matters involving a magistrate. Accordingly, the superior court is an "appropriate court of appeal" in a writ proceeding involving the disqualification of a magistrate.

Article VI, section 10, of the California Constitution grants superior courts and their judges original jurisdiction in mandamus proceedings concurrently with this court and the Courts of Appeal. A superior court may exercise this jurisdiction by issuing writs of mandamus "to any inferior tribunal, corporation, board, or person . . . ." (Code Civ. Proc., § 1085, subd. (a).) A magistrate is generally considered inferior to the superior court. (See *People v. Uhlemann* (1973) 9 Cal.3d 662, 666-669 [108 Cal.Rptr. 657, 511 P.2d 609].) The Legislature has generally provided for superior court review of the magistrate's rulings. (Pen. Code, §§ 871.5 [superior court may review magistrate's dismissal of action], 995, subd. (a)(2) [superior court may review whether magistrate legally committed defendant].) We see no reason why the Legislature would want to require the parties, in effect, to skip over the superior court in matters involving the disqualification of a magistrate when that court otherwise reviews that magistrate's rulings.

In enacting Code of Civil Procedure section 170.3, subdivision (d), the Legislature sought to ensure "that the parties, through a petition for a writ of mandate, receive ' "as speedy an appellate determination as possible." ' " (*People v. Hull, supra,* 1 Cal.4th at p. 273.) Litigating questions regarding the qualifications of a magistrate in the superior court furthers this goal; requiring the parties to seek review in the Court of Appeal would hinder it. As defendant notes, requiring a party to litigate the validity of a challenge to a magistrate in the Court of Appeal could result in the parties litigating the validity of the magistrate's order simultaneously in both the superior court and the Court of Appeal. If a party unsuccessfully challenges the magistrate, who then either holds the defendant to answer the charge or dismisses the action, the validity of the challenge would have to be litigated in the Court of Appeal while the correctness of the magistrate's order would be litigated in the superior court. In attempting to ensure speedy appellate determination of judicial challenges, the Legislature can hardly have intended such a result.

In the past, courts have at least assumed the superior court was a proper forum to litigate the correctness of a challenge involving an inferior court. In *Solberg v. Superior Court* (1977) 19 Cal.3d 182, 188 [137 Cal.Rptr. 460, 561

P.2d 1148], for example, the People contested the refusal of a municipal court judge to accept a peremptory challenge by filing a petition for a writ of mandate in the superior court. No one questioned the propriety of that procedure, and we eventually reviewed the matter on the merits. Although *Solberg* was decided before the Legislature enacted Code of Civil Procedure section 170.3, subdivision (d), we see no indication the Legislature intended to modify this procedure.

We have no doubt that when the Legislature refers to the "court of appeal," often, perhaps generally, it means the intermediate Courts of Appeal. But here it added the qualifying term "appropriate." In this specific context, it is appropriate for the court that normally reviews the rulings of a challenged judge also to review issues involving the validity of that challenge. The Legislature has otherwise provided for superior court review of a magistrate's orders. (Pen. Code, §§ 871.5, 995.) Accordingly, we conclude that the superior court, and not just the intermediate Courts of Appeal, is an appropriate court in which to contest the grant or denial of a motion to disqualify a magistrate.

The fact that Los Angeles County recently unified its municipal and superior courts does not affect this result. Proposition 220, enacted in 1998, permitted the voluntary unification of the municipal and the superior courts. As a result, a majority vote of both the superior court judges and the municipal court judges could abolish the municipal courts within a county and establish a unified superior court for that county. (*Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 763, fn. 2 [98 Cal.Rptr.2d 1, 3 P.3d 286]; *In re Ramirez* (2001) 89 Cal.App.4th 1312, 1315-1316 [108 Cal.Rptr.2d 229].) Los Angeles County unified its courts in January 2000, before the events of this case. (*In re Ramirez, supra*, at p. 1316, fn. 1.)

However, although all trial court judges in Los Angeles County are now superior court judges, they do not always act in the role of a preunification superior court judge. Not all procedures for local appeal that used to exist between, for example, the municipal court and the superior court have been abolished. Superior court judges may still, generally at least, review actions of other superior court judges who were acting in a role that the superior court would have reviewed before unification. (See generally *Snukal v. Flightways Manufacturing, Inc., supra*, 23 Cal.4th at p. 763, fn. 2; *In re Ramirez, supra*, 89 Cal.App.4th at pp. 1316-1318.) We need not here consider all statutory changes that resulted from unification or what exceptions may exist to this general principle, but we see no indication the Legislature intended to change the previous procedures whereby the superior court reviews a magistrate's actions. (Pen. Code, §§ 871.5, 995.) Accordingly, we

conclude that the superior court remains an "appropriate court of appeal" for questions involving the disqualification of a magistrate under Code of Civil Procedure section 170.3, subdivision (d), even after court unification.

B. *The Prosecution May Not Render a Judge Unavailable to Rehear a Suppression Motion by Challenging That Judge Under Code of Civil Procedure Section 170.6.*

In *Schlick v. Superior Court* (1992) 4 Cal.4th 310 [14 Cal.Rptr.2d 406, 841 P.2d 926], this court interpreted Penal Code section 1538.5, subdivision (d), as precluding the prosecution from relitigating a suppression motion that the superior court had granted in a felony matter. "Although the People were free to refile a case after the granting of a motion to suppress evidence, they could not relitigate the motion. Instead, they were bound by the initial court's ruling." (*Barnes v. Superior Court* (2002) 96 Cal.App.4th 631, 636 [117 Cal.Rptr. 2d 621] (*Barnes*), review granted May 15, 2002, S105771, opn. ordered pub. Aug. 1, 2002.) "In response to the *Schlick* case, in 1993 the Legislature amended Penal Code section 1538.5 by revising subdivision (j) and adding subdivision (p)." (*Ibid.*) Penal Code section 1538.5, subdivision (j), now provides that if a suppression motion is granted either at the preliminary hearing or in the superior court, resulting in dismissal of the action, the prosecution may refile the action, and the previous suppression ruling "shall not be binding in any subsequent proceeding, except as limited by subdivision (p)."[1] As relevant, subdivision (p) of Penal Code section 1538.5 provides: "Relitigation of the motion shall be heard by the same judge who granted the motion at the first hearing *if the judge is available.*" (Italics added.)

 The question here is whether the prosecution may make the judge who heard the first suppression motion unavailable by challenging that judge under Code of Civil Procedure section 170.6.  "Code of Civil Procedure section 170.6 provides in substance that any party or attorney to a civil or criminal action may make an oral or written motion to disqualify the

---

[1]The quoted language appears twice, once referring to an order at the preliminary hearing and once to an order in the superior court: "If the property or evidence relates to a felony offense initiated by complaint and the defendant's motion for the return of the property or suppression of the evidence at the preliminary hearing is granted, and if the defendant is not held to answer at the preliminary hearing, the people may file a new complaint or seek an indictment after the preliminary hearing, and the ruling at the prior hearing shall not be binding in any subsequent proceeding, except as limited by subdivision (p). . . . If the case has been dismissed pursuant to Section 1385, or if the people dismiss the case on their own motion after [a] special hearing [in the superior court], the people may file a new complaint or seek an indictment after the special hearing, and the ruling at the special hearing shall not be binding in any subsequent proceeding, except as limited by subdivision (p). . . ." (Pen. Code, § 1538.5, subd. (j).)

assigned judge, supported by an affidavit that the judge is prejudiced against such party or attorney or the interest thereof so that the affiant cannot or believes he cannot have an impartial trial. . . . [T]here are strict limits on the timing and number of such motions; but if the motion is timely and in proper form, the judge must recuse himself without further proof and the case must be reassigned to another judge." (*Solberg v. Superior Court, supra,* 19 Cal.3d at p. 187.) Although a party exercising a challenge under this provision must file a sworn affidavit that the judge is prejudiced, disqualification is automatic on filing a timely motion in proper form. (*Ibid.*) Moreover, the "prejudice" may be whatever a party subjectively believes it to be and not necessarily something that would support a challenge for cause under Code of Civil Procedure section 170.1. Accordingly, a challenge under Code of Civil Procedure section 170.6 is often, and correctly, called a "peremptory challenge." (E.g., *People v. Hull, supra,* 1 Cal.4th at p. 268.) Indeed, Code of Civil Procedure section 170.6, subdivision (5), itself labels the necessary affidavit a "peremptory challenge."

The People peremptorily challenged Judge Pastor in this case. Except for a few, generally ministerial, actions, a disqualified judge generally has no power to act further in the matter. (Code Civ. Proc., § 170.4.) The People's argument, accordingly, is quite straightforward: because of the peremptory challenge, Judge Pastor lacks power to act further in the case and is, therefore, no longer available to rehear the suppression motion.[2] The same issue arose in *Barnes, supra,* 96 Cal.App.4th 631.[3] *Barnes* concluded "that a judge who has been disqualified pursuant to Code of Civil Procedure section 170.6 may nevertheless hear a suppression motion under the provisions of Penal Code section 1538.5, subdivision (p); disqualification pursuant to section 170.6 does not make a judge unavailable to hear a subsequent motion to suppress evidence." (*Barnes, supra,* at p. 642.) We agree.

The Los Angeles County District Attorney sponsored Senate Bill No. 933 (1993-1994 Reg. Sess.), the bill that provided for the changes to Penal Code

---

[2]Penal Code section 1538.5, subdivision (p), also places limits on the prosecution's ability to litigate a suppression motion more than twice. In an earlier case, the prosecution argued that the requirement that the same judge rehear the motion applied only when the motion had already been granted twice. The court rejected the argument. (*Soil v. Superior Court, supra,* 55 Cal.App.4th at pp. 877-880.) The People do not renew that argument here.

[3]In *Barnes,* the defendant contested the grant of a peremptory challenge of a magistrate by filing a petition for writ of mandate in the Court of Appeal, not the superior court. (*Barnes, supra,* 96 Cal.App.4th at p. 636.) It appears no one questioned the propriety of starting in the Court of Appeal, which was understandable given the ambiguity in Code of Civil Procedure section 170.3, subdivision (d)'s reference to the "appropriate court of appeal." We note that the Court of Appeal does not lack *jurisdiction* over the writ proceeding (Cal. Const., art. VI, § 10), although normally it has discretion to deny a petition that was not filed first in a proper lower court. (*In re Ramirez, supra,* 89 Cal.App.4th at p. 1320; Cal. Rules of Court, rule 56(a)(1).)

section 1538.5, subdivisions (j) and (p). "In support of the bill, the district attorney's office indicated 'that "superior court calendars are crowded. Deputy district attorneys must juggle many cases each day. . . ." [¶] . . . Often, the [motion to suppress evidence] is dispositive of a case. If it is granted, the case must be dismissed. If it is denied, the defendant will plead guilty or in all likelihood be found guilty if brought to trial. The [Los Angeles District Attorney] believes that "it is unfair to the prosecution . . . for a criminal defendant whose culpability for a serious felony may be beyond question to 'beat the rap' simply because an overworked prosecutor at one pretrial hearing was unable to present the People's evidence in the most effective manner. The ability to refile and relitigate the suppression motion . . . will largely overcome this without compr[om]ising any constitutional right of the defendant . . . ."' (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 933 (1993-1994 Reg. Sess.) as amended May 20, 1993, pp. 2-3.)" (*Barnes, supra,* 96 Cal.App.4th at p. 638.)

When introduced, Senate Bill No. 933 contained no language describing which judge should hear relitigated suppression motions. (*Soil v. Superior Court, supra,* 55 Cal.App.4th at p. 878.) As a result, the California Attorneys for Criminal Justice (CACJ) opposed the original bill "because it would allow prosecutors to 'take another shot' with another judge after losing a suppression motion in superior court. CACJ believe[d] that the bill would encourage forum shopping . . . ." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 933 (1993-1994 Reg. Sess.) May 11, 1993.) The bill was then amended to provide: "It is the intent of the Legislature, in amending Section 1538.5 of the Penal Code, that this act shall not be construed or used by a party as a means to forum shop." (Sen. Bill No. 933 (1993-1994 Reg. Sess.) as amended May 20, 1993.) Later, the bill was again amended to include the language in Penal Code section 1538.5, subdivision (p), stating that the judge who granted the earlier motion should rehear the relitigated motion. (Sen. Bill No. 933 (1993-1994 Reg. Sess.) as amended Aug. 16, 1993; see *Soil v. Superior Court, supra,* at pp. 878-879.)

This legislative history "makes it clear the Legislature intended these amendments to prohibit prosecutors from forum shopping." (*Barnes, supra,* 96 Cal.App.4th at p. 638.) To allow the prosecutor to make a judge unavailable to rehear the suppression motion simply by filing a peremptory challenge under Code of Civil Procedure section 170.6 would permit this prohibited forum shopping and "essentially eviscerate[] the provisions of subdivision (p)" of Penal Code section 1538.5. (*Barnes, supra,* at p. 641.) This conclusion is " 'consistent with the statement of need advanced by the People in support of the bill. The Los Angeles County District Attorney, . . . [had not asked] the Legislature to enact the 1993 amendments to

allow the district attorney a second chance at a motion to suppress evidence (before a different judge) just because the People disagreed with the ruling made in connection with the first motion. The district attorney told the Legislature the reason the amendment was needed was because trial deputies were overworked and might lose the first suppression motion simply because they did a poor job of presenting the evidence. Given this statement of need, it makes sense that the same judge who heard the first motion, and granted it, should hear the second motion. When the same judge hears the evidence [that] was previously omitted, or the argument that the previously unprepared prosecutor forgot to make, then the judge will once again make the correct ruling, which this time will be to deny the suppression motion.' (*Soil v. Superior Court, supra,* 55 Cal.App.4th at pp. 879-880, fn. omitted.) We emphasize that the rationale tendered by the Los Angeles District Attorney for the requested statutory change in no way relied on or supported the proposition that the same judge who heard the first motion is not the proper arbiter to hear a second motion." (*Id.* at p. 640.)

Indeed, "the Los Angeles County District Attorney told the Legislature ' "courts are aware of the problems caused by forum shopping and have devised procedures to prevent it. Moreover, cases are usually assigned by court clerks or by random assignment so that there is no way a prosecutor could direct a case into a particular court." ' (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 933, as amended May 20, 1993, for hearing on July 13, 1993.) In other words, prosecutors would not, if given an opportunity to relitigate, attempt to direct a case *into* a particular court. Ironically, what the People now appear to want is the opportunity to direct a case *away* from a particular court. This can only be described as the very forum shopping the Legislature recognized as a problem and attempted to remedy by inserting a prohibition against the evil within [Penal Code] section 1538.5, subdivision (p)." (*Soil v. Superior Court, supra,* 55 Cal.App.4th at p. 880, quoted in *Barnes, supra,* 96 Cal.App.4th at p. 640.)

■ This conclusion is also "bolstered by the well settled rule ' " 'that a general [statutory] provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates.' " ' (*Miller v. Superior Court* (1999) 21 Cal.4th 883, 895 [89 Cal.Rptr.2d 834, 986 P.2d 170].) ■ Here, we cannot conclude that the more general Code of Civil Procedure section 170.6 was intended to permit the forum shopping Penal Code section 1538.5, subdivision (p), was specifically enacted to prevent.

We instead hold that the Code of Civil Procedure section 170.6 right to disqualify a judge necessarily encompasses an implied exception, pursuant to Penal Code section 1538.5, subdivision (p), for the relitigation of any subsequent motion to suppress evidence." (*Barnes, supra,* 96 Cal.App.4th at pp. 641-642.)

The People argue that Penal Code section 1538.5, subdivision (p), does not apply to a renewed motion before a *magistrate* because that subdivision mentions only a "judge" and not a magistrate. We disagree. Although Judge Pastor was acting as a magistrate in this case, a circumstance relevant to the proper method in which to litigate the validity of the challenge to him, the fact remains that he is a judge. "In Penal Code section 808, the Legislature designated '[t]he following persons a[s] magistrates: [¶] 1. The judges of the Supreme Court. [¶] 2. The judges of the courts of appeal. [¶] 3. The judges of the superior courts. [¶] 4. The judges of the municipal courts.' Nothing in either the history or text of the revised subdivisions of Penal Code section 1538.5 indicates magistrates and judges were intended to be considered differently. To the contrary, the language employed in the revised [Penal Code section 1538.5,] subdivision (j) indicates judges and magistrates are to be viewed identically. To the extent section 1538.5 makes any distinctions, it addresses only the nominal procedural differences which occur when a motion to suppress evidence is heard before a magistrate at a preliminary hearing rather than before a judge in the superior court. Even though such distinction is made by the statutes, as we have already noted, the rules to be applied are the same." (*Barnes, supra,* 96 Cal.App.4th at p. 642.) We agree and add that the reasons for the Legislature to prohibit forum shopping apply to magistrates just as forcefully as to other judges.

Accordingly, we conclude that the prosecution's peremptory challenge to Judge Pastor did not make him unavailable to rehear the suppression motion.[4]

## III. CONCLUSION

We reverse the judgment of the Court of Appeal and remand the matter for further proceedings consistent with our opinion.

---

[4]Nothing we say affects a challenge for *cause* to any judge pursuant to Code of Civil Procedure section 170.1. Unlike peremptory challenges, challenges for cause require proof and a finding that one of the statutory grounds for disqualification actually exists. Therefore, a challenge for cause does not implicate the Legislature's intent to prohibit forum shopping.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Brown, J., and Moreno, J., concurred.

Petitioner's petition for a rehearing was denied September 18, 2002. George, C. J., and Baxter, J., did not participate therein.