BILL LOCKYER Attorney General DANIEL G. STONE Deputy Attorney General
THE HONORABLE STEVEN M. BASHA, COUNTY COUNSEL, COUNTY OF YOLO, has requested an opinion on the following question:
What is the length of the term of office for a member of the board of trustees of Reclamation District No. 1600?
 CONCLUSION
The length of the term of office for a member of the board of trustees of Reclamation District No. 1600 is four years.
 ANALYSIS
The question presented for resolution concerns an apparent clash between two statutory provisions addressing the length of the term of office for a member of the board of trustees of Reclamation District No. 1600 ("District"). We are asked to determine whether a board member's term of office is two years, as provided in the 1913 statute that created the District (see Stats. 1913, ch. 195, § 2; Stats. 1919, ch. 312, § 1; Wat. Code, App. § 25-2; "Appendix section 25-2"), or four years, as provided in a statute amended 50 years later governing reclamation districts in general (Wat. Code, § 50602).[1] We conclude that the term of office for a trustee of the District is four years, as specified in section 50602.
A reclamation district is governed by a board of trustees (§§ 50002, 506005-0660), and is authorized to acquire and operate irrigation systems (§§ 50910-50914); acquire, maintain, lease, and sell real and personal property (§§ 50930-50931); construct and operate drains, canals, levees, dams, water gates, pumping plants, and other works relating to reclamation and irrigation (§ 50932); fix and collect charges and fees (§ 50902); employ engineers and other professional staff (§§ 50950-50951); and construct and operate ferry boats, bridges, roads, and related facilities for access to land and works within the district (§ 50933). (See 83 Ops.Cal.Atty.Gen. 205, 205-206 (2000).)
When the District was created in 1913, the Legislature appointed three members to the District's board of trustees, defined the term of office for their successors, and subjected the District's management and control to the body of laws governing other reclamation districts. Appendix section 25-2, as amended in 1919,[2] provides:
 "Management and control of said reclamation district is hereby made subject to the provisions of the Political Code and other laws of the State of California relative to reclamation districts formed under the provisions of said Political Code. The management and control of said Reclamation District No. 1600 shall be vested in three trustees. A.A. Merkley, E.A. Brown and Chas. S. Luce are hereby appointed as trustees of the said reclamation district, to act until their successors are qualified. An election of three trustees shall be held in said district on the third Tuesday in October, 1920, and on the same date every two years thereafter, and the term of office shall be two years, and until their successors are qualified. In case of any vacancy in the office of trustee of said district, the board of supervisors of the county of Yolo shall appoint a qualified person as trustee, who shall hold said office for the [duration] of said unexpired term. The office of said district shall be in or near the district, and in such place as the board of trustees thereof may from time to time fix. The board of supervisors of the county of Yolo shall have jurisdiction of all matters concerning said district to the same extent as if said district was formed under the provisions of the said Political Code of the State of California. All funds of said district shall be deposited in the county treasury of said county of Yolo and shall be disbursed by the treasurer of said county in payment of the warrants of said district." (Italics added.)
Appendix section 25-2 thus specifies that "the term of office shall be two years" for District trustees.
In contrast, the term of office for trustees of reclamation districts in general is "four years," as set forth in section 50602:
 "Members of the board shall be elected for a term of four years and shall serve until their successors are elected and qualified. The terms of the members shall be staggered."
This "four years" mandatary language was added to section 50602 in 1967, when the statute was last amended. (Stats. 1967, ch. 218, § 1.)
In analyzing these two statutory provisions, we note that when the Legislature created the District in 1913, "the provisions of the Political Code and other laws of the State of California relative to reclamation districts formed under the provisions of said Political Code" (App. § 25-2)[3] specified a two-year term of office for trustees in all reclamation districts. (See Stats. 1911, ch. 365, § 5; Code Am. 1880, ch. 79, § 1.) Hence, there was no inconsistency between the District's specific statute and the general laws applicable to all reclamation districts at the time the District was created. This was also true in 1919, when Appendix section 25-2 was last amended. (See Stats. 1917, ch. 671, § 5.)
Indeed, when section 50602 itself was first enacted in 1951 (Stats. 1951, ch. 336, § 1), it too specified "a term of two years." Later in the same year, however, section 50602 was amended (Stats. 1951, ch. 681, § 10) to permit a district to adopt a four-year term instead of a two-year term for its board of trustees:
 "The by-laws of a district may provide, or be amended to provide, that members of the board shall be elected for a term of two or four years and shall serve until their successors are elected and qualified. When the terms of the members are four years, the by-laws may provide that their terms be staggered."
It was not until 1967, when section 50602 was last amended, that the general two-year term for district trustees ceased to be an option for reclamation districts.
It may be suggested that the two-year term of Appendix section 25-2 should prevail over the four-year term of section 50602 under the rule of statutory construction holding that, when a conflict exists between a specific law and a general law, the provisions of the specific law prevail. (Code Civ. Proc., §1859.) We recently discussed this rule in 87 Ops.Cal.Atty.Gen. 148, 152 (2004):
 ". . . It is a well-established rule of statutory interpretation that the specific controls the general. (See Code Civ. Proc., § 1859 [`when a general and particular provision are inconsistent, the latter is paramount to the former']; People v. Superior Court (Jimenez) (2002) 28 Cal.4th 798, 808; Miller v. Superior Court (1999) 21 Cal.4th 883, 895; San Francisco Taxpayers Assn. v. Board of Supervisors (1992) 2 Cal.4th 571, 577 [`A special act is considered an exception to the general statute']; Woods v. Young (1991) 53 Cal.3d 315, 325
[`"specific provision relating to a particular subject will govern a general provision"'].)"
Here, however, the specific provisions of Appendix section 25-2 eliminate the apparent conflict by expressly deferring to the more general statutes "of the Political Code and other laws of the State of California relative to reclamation districts. . . ." As we observed in 87 Ops.Cal.Atty.Gen. 5, 7-8 (2004), the specific-over-general rule of statutory interpretation has no application in such circumstances:
 ". . . The rule that a specific statute controls a more general statute . . . `applies only when the specific and the general provision cannot be reconciled.' [Citations.] It is elemental that ` "every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect."' [Citations.] `"Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible."' [Citation.]"
Accordingly, we find that Appendix section 25-2 and section 50602 may be construed together and harmonized with each other. In 1913 and again in 1919, the Legislature contemplated that the two-year term specified in Appendix section 25-2 would be consistent with the general laws governing reclamation districts at that time. But in addition, by expressly subjecting the "management and control" of the District to those same general laws over time, the Legislature signaled its intent to have any subsequent changes in those laws, such as the 1967 amendment of section 50602, apply equally to the District. (See People v.Anderson (2002) 28 Cal.4th 767, 779; In re Jovan B. (1993)6 Cal.4th 801, 816; Palermo v. Stockton Theatres, Inc. (1948)32 Cal.2d 53, 58-59; People v. Van Buren (2001)93 Cal.App.4th 875, 879.) In 77 Ops.Cal.Atty.Gen. 17, 20 (1983), we noted the applicable rule:
 ". . . [W]here a statute refers specifically to the provisions of another statute, such provisions are incorporated in the form in which they exist at the time of the reference and not as subsequently modified. Where the reference is general instead of specific, such as a reference to a system or body of laws or to the general law relating to the subject at hand, the referring statute takes the law or laws referred to not only in their contemporary form, but also as they may be modified."
Hence, under this rule, we find that the current four-year term requirement of section 50602 governs the trustees of the District. It is evident that the legislative purpose of the 1967 amendment of section 50602 was to bring uniformity to all reclamation districts, including the District, in the matter of the election of trustees and their terms of office. And, in 1913, the Legislature made the District subject to such future changes by incorporating into Appendix section 25-2 the general body of laws governing reclamation districts.
We therefore conclude that the term of office for a member of the board of trustees of the District is four years.
[1] All references hereafter to the Water Code are by section number only.
[2] The 1919 amendment (Stats. 1919, ch. 312, § 1) made only minor modifications to the statute which are not relevant to our discussion.
[3] In 1951, the relevant provisions of the Political Code relating to reclamation districts were transferred to the Water Code. (See Stats. 1951, ch. 336.) Later in 1951, the Political Code was repealed in its entirety after most of its remaining provisions were transferred to other codes. (Stats. 1951, ch. 1633.)