*696 CORRIGAN, J.,
Concurring.—I concur in the judgment and join in the court’s conclusion that a presiding judge must take reasonable steps in good faith to ensure that the same judge who granted an earlier suppression motion is assigned to hear the relitigated suppression motion. (Maj. opn., ante, at p. 691.) However, I disagree with two aspects of the majority’s analysis.
The majority states that cases involving the “same judge” rule of Penal Code section 1538.5, subdivision (p) (section 1538.5(p)), “command at least as great a showing of impracticability” as was required in People v. Arbuckle (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220], (Maj. opn., ante, at p. 692.) Arbuckle is analytically different. We did not find, there, that a presiding judge had discretion to assign a defendant’s sentencing hearing to a different judge from the one who accepted his plea agreement. Nor did we establish a threshold level of impracticability that would justify such an assignment. Arbuckle was based on a contract enforcement analysis. The defendant agreed to plead guilty upon the implied assurance he would be sentenced by a certain judge. If circumstances arose which prevented the honoring of that condition, the contract was breached. The remedy thus available was to permit the defendant to withdraw his plea and return the parties to the status quo ante.
To be sure, we can conclude that a judge’s transfer to another division of a superior court should not thwart a defendant’s statutory right to have the same judge hear his relitigated suppression motion. However, the suggestion that an equal or greater degree of impracticability must be shown in these cases than in Arbuckle is perplexing, because we did not find in Arbuckle that any degree of impracticability would excuse a presiding judge’s assignment of a sentencing hearing to a different judge.
The majority also compares the district attorney’s action here to that of the prosecution in People v. Superior Court (Jimenez) (2002) 28 Cal.4th 798 [123 Cal.Rptr.2d 31, 50 P.3d 743]. There, the prosecution attempted to render a judge unavailable to hear the defendant’s relitigated suppression motion by disqualifying that judge under Code of Civil Procedure section 170.6. (Jimenez, at p. 802.) If permitted, the prosecution’s actions would have divested the presiding judge of the discretion to determine the relevant judge’s availability. Here, the prosecution argued that section 1538.5(p) did not compel the presiding judge to assign defendant’s relitigated suppression motion to Judge Chiarello for a variety of reasons. But the discretion to determine Judge Chiarello’s availability remained at all times with the *697 presiding judge. The two situations are quite different. Although the standard the court announces today certainly would honor the same judge rule, the prosecution’s actions here were not comparable to those in Jimenez.
With those reservations, I join the majority.