Filed 7/21/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ERICA ESTRADA, | B325769 |
| Petitioner, | (Los Angeles County Super. Ct. No. YA076269) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate. Scott T. Millington, Judge. Petition denied.

The Law Offices of Stein and Markus, Joseph A. Markus, Andrew M. Stein, Joseph E. Markus and Brentford Ferreira for Petitioner.

No appearance for Respondent.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah

P. Hill, Thomas C. Hsieh and Daniel C. Chang, Deputy Attorneys General, for Real Party in Interest.

## INTRODUCTION

The Code of Civil Procedure[1] provides that on remand "following reversal on appeal of a trial court's final judgment," a party is entitled to a peremptory challenge "if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter." (§ 170.6, subd. (a)(2).) We must decide whether a party who obtains a reversal of an order denying a petition for resentencing under Penal Code section 1170.95 (now § 1172.6)[2] is entitled to a postappeal peremptory challenge of the judge who denied the petition.

We hold that the hearing required in Penal Code section 1172.6, subdivision (d)(3), after reversal and remand is not a "new trial" within the meaning of section 170.6, subdivision (a)(2). Therefore, we deny the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Judge Scott T. Millington presided over Erica Estrada's criminal trial and the subsequent petition for resentencing.

A. *Underlying Conviction*

In 2013, a jury convicted Estrada of felony murder and found true a robbery-murder allegation under Penal Code section 190.2 (the special

---

[1]    All further statutory references are to the Code of Civil Procedure unless otherwise stated.

[2]    Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). For ease of reference, we will refer to the section by its new numbering only.

circumstance statute).  During the pendency of her direct appeal, our Supreme Court clarified the meaning of the special circumstance statute in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*).  This court affirmed the judgment, holding that the special circumstance finding was supported by substantial evidence under *Banks*.  (*People v. Gonzalez* (2016) 246 Cal.App.4th 1358 (*Gonzalez I*).)  The Supreme Court then granted review on an issue immaterial to this appeal and affirmed.  (*People v. Gonzalez* (2018) 5 Cal.5th 186 (*Gonzalez II*).)

B. *Petition for Resentencing*

After the enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), which narrowed the felony murder rule, Estrada filed a petition for resentencing under Penal Code 1172.6, alleging she was not guilty of murder in light of SB 1437.  Without issuing an order to show cause, the trial court denied the petition, reasoning that (1) the robbery-murder special circumstance finding precluded relief as a matter of law, and (2) although some cases had held that a pre-*Banks* special circumstance finding alone could not preclude relief under Penal Code section 1172.6, those cases were inapposite in light of the holding in *Gonzalez I* that the special circumstance finding was supported by substantial evidence under *Banks*.

On appeal, this court held that the trial court erred in denying Estrada's petition without issuing an order to show cause.  (*People v. Estrada* (May 17, 2022, B312352) [nonpub. opn.].)  This court explained that neither the jury's pre-*Banks* special circumstance finding nor the prior appellate opinion in *Gonzalez* refuted, as a matter of law, defendant's allegations that she was not a major participant in the robbery and did not act with reckless indifference to human life within the meaning of the special circumstance

3

statute as clarified in *Banks*.  This court further concluded the error was not harmless regardless of whether the trial record contains substantial evidence under *Banks*, as a finding of substantial evidence of her guilt under a still-valid theory of murder is insufficient to render her ineligible for resentencing under Penal Code section 1172.6.  Accordingly, this court reversed the order denying Estrada's petition and remanded the matter to the trial court with directions to issue an order to show cause and proceed in accordance with Penal Code section 1172.6.

### C. *Peremptory Challenge*

After remittitur issued, Estrada was notified that the matter had been assigned back to Judge Millington.  Estrada filed a peremptory challenge to disqualify him.  The People filed a response, and then both parties filed supplemental briefs.  Judge Millington denied the peremptory challenge, finding that the hearing required in Penal Code section 1172.6, subdivision (d)(3) (subject hearing) does not constitute a "new trial" within the meaning of section 170.6, subdivision (a)(2).  The court then found "a prima facie showing [had] been made based upon the appellate court decision" and issued an order to show cause.

### D. *Writ Proceedings*

Estrada filed a petition for writ of mandate challenging the trial court's denial of her peremptory challenge.  This court denied the petition for failure to demonstrate a prima facie case entitling her to extraordinary relief.  After Estrada filed a petition to review, our Supreme Court stayed all further proceedings pending its review.  The court ultimately granted the petition and transferred the matter back to this court with directions to vacate our

4

order denying the petition for writ of mandate and to issue an order to show cause. The stay previously issued was to remain in effect pending further court order.

This court vacated its prior order and issued an order to show cause pursuant to our Supreme Court's directive. The People filed a return. No reply brief was filed by Estrada.

## DISCUSSION

Estrada contends that the trial court erred in denying the peremptory challenge because the subsequent lower court proceeding, specifically the subject hearing, constitutes a "new trial" within the meaning of section 170.6, subdivision (a)(2). In response, the Attorney General contends the plain language of Penal Code section 1172.6 bars a peremptory challenge. In any event, the subject hearing is not a "new trial."

### A. *Overview of Relevant Law*

#### 1. *Peremptory Challenge*

Section 170.6 "'provides in substance that any party or attorney to a civil or criminal action may make an oral or written motion to disqualify the assigned judge, supported by an affidavit that the judge is prejudiced against such party or attorney or the interest thereof so that the affiant cannot or believes he [or she] cannot have an impartial trial. . . . [T]here are strict limits on the timing and number of such motions; but if the motion is timely and in proper form, the judge must recuse himself [or herself] without further proof and the case must be reassigned to another judge.'" (*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1252 (*Peracchi*).) "[T]he statute

5

reasonably serves the Legislature's evident purpose of 'maintaining the appearance as well as the fact of impartiality in the judicial system." (*Ibid.*)

"Historically, a challenge could not be filed for the first time after a reviewing court remanded the matter to the trial court. In 1985, however, the Legislature amended section 170.6 to add the following language: 'A motion under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a *new trial* on the matter.' (§ 170.6, subd. [(a)](2).)" (*Peracchi, supra,* 30 Cal.4th at p. 1249, italics added.) This provision was included ""to address the 'concern . . . that a judge who had been reversed might prove to be biased against the party who successfully appealed the judge's erroneous ruling at the original trial.""" (*Paterno v. Superior Court* (2004) 123 Cal.App.4th 548, 556.)" (*Mendoza v. Superior Court* (2021) 65 Cal.App.5th 988, 996.) Section 170.6 does not define the term "new trial."

2. *Petition for Resentencing*

Effective January 1, 2019, the Legislature enacted SB 1437, "which made significant changes to the scope of murder liability for those who were neither the actual killers nor intended to kill anyone, including certain individuals formerly subject to punishment on a felony-murder theory." (*People v. Strong* (2022) 13 Cal.5th 698, 707 (*Strong*).)

SB 1437 "also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended." (*Strong, supra,* 13 Cal.5th at p. 708; *People v. Gentile* (2020) 10 Cal.5th 830, 843, abrogated in part on another ground in Stats. 2021, ch. 551, §2.) Under newly enacted Penal Code section 1172.6, the process begins with

6

filing a petition with the original sentencing judge, if available. (Pen. Code, § 1172.6, subd. (b)(1).) The petition must contain a declaration that all requirements for eligibility are met, including "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [Penal Code] [s]ection 188 or 189 made effective January 1, 2019." (Pen. Code, § 1172.6 subd. (a)(3).)

If a petitioner makes a prima facie showing that he or she is entitled to relief, the trial court must issue an order to show cause and hold a hearing "to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (Pen. Code, § 1172.6, subd. (d)(1).)

"At the [subject] hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to [Penal Code] [s]ection 188 or 189 made effective January 1, 2019. The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of [Penal Code] [s]ection 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule. The prosecutor and the petitioner may

7

also offer new or additional evidence to meet their respective burdens."  (Pen. Code, § 1172.6, subd. (d)(3).)

If the prosecution fails to sustain its burden of proof, "the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges."  (Pen. Code, § 1172.6, subd. (d)(3).)

B.  *Standard of Review*

"'We review questions of statutory construction de novo.  Our primary task "in interpreting a statute is to determine the Legislature's intent, giving effect to the law's purpose."'  [Citations.]  To determine whether a conditional reversal and remand for the limited purpose of conducting the [subject hearing] is a 'new trial' within the meaning of section 170.6, subdivision (a)(2), we look first to the language of the statute, which is 'the best indication of legislative intent.'  [Citations.]  "'[W]e do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is a part so that the whole may be harmonized and retain effectiveness.'"'  [Citations.]  "'If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'"'  [Citations.]"  (*Akopyan v. Superior Court* (2020) 53 Cal.App.5th 1094, 1098–1099.)

C.  *Analysis*

1.  *Plain Language of Penal Code Section 1172.6*

A party's ability to disqualify a judge without cause is not absolute.  A peremptory challenge is unavailable when permitting disqualification of the judge would contravene other statutory provisions.  (*Peracchi, supra,* 30

Cal.4th at p. 1262; see e.g., *People v. Superior Court* (*Jimenez*) (2002) 28 Cal.4th 798, 806 [Penal Code section 1538.5, subdivision (p), which requires relitigating a suppression motion before the same judge who previously granted the motion (if the judge is available), conflicts with and prevails over section 170.6, subdivision (a)(2), which would otherwise permit a peremptory challenge to that judge].)

As previously noted, Penal Code section 1172.6 requires the judge who originally sentenced the petitioner to hear a petition for resentencing unless that judge is not available. (§ 1172.6, subd. (b)(1); *People v. Santos* (2020) 53 Cal.App.5th 467, 474.) This requirement acknowledges that "a judge who is familiar with the facts, evidence, and law already part of the record is better equipped to rule on a petition than a different judge, unfamiliar with the case, who is reviewing a cold record." (*People v. Santos, supra,* at p. 474.) Thus, "[t]he Legislature's intent is best served when the outcome of the petition is determined by a judge who is particularly well placed to take all the facts and circumstances of the underlying case into account." (*Ibid.*)

Estrada does not dispute her petition for resentencing was properly before Judge Millington pursuant to Penal Code section 1172.6, subdivision (b)(1), both in the first instance and on remand. Rather, she argues the statute does not foreclose her ability to file a peremptory challenge to disqualify Judge Millington postappeal. Assuming (without deciding) that this is correct, we must now determine whether the subject hearing that is to be conducted on remand constitutes a "new trial" within the meaning of section 170.6, subdivision (a)(2). As discussed below, we conclude it does not.

2. *The Meaning of "New Trial"*

Our Supreme Court in *Peracchi* discussed the meaning of the term "new trial" for purposes of section 170.6.[3]

On appeal, the defendant in *Peracchi* challenged his convictions for reckless driving while eluding a police officer and being a felon in possession of a firearm. (*Peracchi, supra*, 30 Cal.4th at p. 1249.) The Court of Appeal reversed the reckless driving while evading a police officer conviction, affirmed the firearm conviction, and "'remanded for retrial on [the reckless driving] count, if the prosecutor so elect[ed], and for resentencing.'" (*Id.* at p. 1250.) When the case was remanded and assigned to the judge who had presided over the trial, the defendant filed a peremptory challenge to disqualify him under section 170.6. (*Ibid.*) The judge "announced that if the prosecution determined that the reversed count should be retried, the challenge would be granted. If, on the other hand, the prosecution determined not to retry the reversed count and the matter merely required a new sentencing hearing, the challenge would be denied." (*Ibid.*) After the prosecutor declined to retry the reversed count, the judge denied the peremptory challenge and set the matter for resentencing. (*Ibid.*)

The defendant filed a petition for a writ of mandate in the Court of Appeal challenging the trial court's denial of his peremptory challenge. (*Peracchi, supra*, 30 Cal.4th at p. 1250.) In a divided decision, the court granted the requested relief, primarily relying on the "broad meaning" assigned "to the term 'new trial' in the context of *civil* trials." (*Ibid.*; see § 656

---

[3]    *Peracchi* relied upon section 170.6, former subdivision (2), which as part of a 2003 amendment was moved to section 170.6, subdivision (a)(2), without substantive change. (*Akopyan v. Superior Court, supra,* 53 Cal.App.5th at p. 1100, fn. 5.)

["A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee"].) The dissenting justice asserted that "the term 'new trial' has a more restrictive meaning in the criminal context than in the civil context," and it does not extend to a resentencing hearing. (*Id*. at p. 1251.)

Our Supreme Court disagreed with the majority's reasoning and reversed. In contrast to the broad definition of "new trial" applicable in civil cases, the *Peracchi* court noted that the Penal Code defines the term more narrowly in criminal cases. "The Penal Code defines a new trial as 'a reexamination of the issue in the same Court, before another jury, after a verdict has been given.' (Pen. Code, § 1179.) Penal Code section 1180 explains that '[t]he granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict or finding cannot be used or referred to, either in evidence or in argument . . . .'" (*Peracchi, supra*, 30 Cal.4th at p. 1253.) Thus, the *Peracchi* court concluded that a resentencing hearing does not constitute a new trial for purposes of section 170.6. (*Peracchi, supra*, at pp. 1254–1263; see *id*. at p. 1261 ["[W]e do not believe that the Legislature contemplated that what constitutes a new trial in a criminal case for the purposes of section 170.6 would be defined by the law in civil cases— especially when a specific Penal Code section defines the term 'new trial'"].)

Estrada argues the Supreme Court's reliance on the Penal Code in *Peracchi* when defining a "new trial" under section 170.6, subdivision (a)(2) is dictum. She is mistaken. "'[D]ictum consists of general observations of law which go beyond the facts and issues of the case.' (*People ex rel. Dept. of Transportation v. Yuki* (1995) 31 Cal.App.4th 1754, 1773.)" (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 702.) The

11

Supreme Court held a resentencing hearing is not a "new trial" within the meaning of section 170.6, subdivision (a)(2) based, in large part, on the Penal Code's definition of a "new trial." Thus, the court's holding is precedential, not dictum, and we are bound to follow it. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

We also reject Estrada's assertion that the Supreme Court in *Strong* made clear that the subject hearing is akin to a court trial. In *Strong*, the court held that a true finding on a felony murder special circumstance allegation, rendered before the decisions in *Banks, supra,* 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, does not preclude resentencing relief under Penal Code section 1172.6. (*Strong, supra,* 13 Cal.5th at p. 703.) Nowhere did the court make a determination that the hearing necessary to adjudicate a petition for resentencing was a court trial. To the contrary, the court repeatedly referenced the hearing as a resentencing.

Estrada asserts the subject hearing "more closely resemble[s] a 'new trial' albeit a court trial than a resentencing hearing on remand from a direct appeal" because (1) the prosecution must prove beyond a reasonable doubt the petitioner is guilty of murder under the law as amended by SB 1437, and (2) the trial court acts as an independent fact finder after considering any additional evidence offered by the parties.

The prosecution must indeed prove beyond a reasonable doubt that the petitioner is ineligible for resentencing, and that the parties may present additional evidence. (Pen. Code, § 1172.6, subd. (d)(3).) However, Penal Code section 1172.6 remains a ""resentencing procedure, not a new prosecution."" (*People v. Flint* (2022) 75 Cal.App.5th 607, 618; *People v. Mitchell* (2022) 81 Cal.App.5th 575, 588; *People v. Silva* (2021) 72 Cal.App.5th 505, 520.) The retroactive relief provided by Penal Code section 1172.6 "'is a legislative "act

12

of lenity" intended to give defendants serving otherwise final sentences the benefit of ameliorative changes to applicable criminal laws and does not result in a new trial or increased punishment.'" (*People v. Vargas* (2022) 84 Cal.App.5th 943, 952.) Unlike a new trial, which implicates certain constitutional protections such as the right to a jury trial, the subject hearing does not involve those constitutional guarantees. (*Peracchi, supra,* 30 Cal.4th at p. 1256; see *People v. Myles* (2021) 69 Cal.App.5th 688, 704; *People v. James* (2021) 63 Cal.App.5th 604, 609; *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156.)

In conducting the hearing, the parties are not placed in the same position as if no trial had occurred. (See Pen. Code, § 1180.) At the hearing, the trial court may look at the record of conviction to determine whether the petitioner is entitled to relief under the law as amended by SB 1437. (See *People v. Lewis* (2021) 11 Cal.5th 952, 971.) The parties are not required to produce all testimony anew and are not foreclosed from using the jury's verdicts or findings. In particular, a trial court is bound by a jury's prior finding that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony. (Pen. Code, § 1172.6, subd. (d)(2).) The court may also consider evidence previously admitted so long as it is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. (*Id.*, subd. (d)(3).) In addition, it may consider the procedural history recited in any prior appellate opinion. (*Ibid.*) Unlike a new trial, if the court determines the petitioner is guilty of murder or attempted murder beyond a reasonable doubt under the current law, their current sentence would remain in effect, and the petitioner need not be resentenced but remanded to continue serving the term previously imposed. (See *People v. Guillory* (2022) 82 Cal.App.5th 326, 335–336.)

There is no indication, despite the constitutional and practical distinctions between a new trial and the subject hearing, that the Legislature intended such a hearing on remand be considered a new trial under section 170.6, subdivision (a)(2). (See *People v. Clements* (2022) 75 Cal.App.5th 276, 297 [the Legislature did not choose to grant qualifying offenders under Penal Code section 1172.6 a new trial, but rather the Legislature chose a procedure "requiring trial judges to decide the critical factual questions based—at least in some cases—on a cold record"].) To the contrary, the legislative history of section 170.6, subdivision (a)(2) "does not support the assertion that the Legislature intended to permit a [peremptory] challenge at *any* hearing on remand in a criminal case." (*Peracchi, supra,* 30 Cal.4th at pp. 1261–1262.) Initially, the language of this subdivision "apparently would have applied to any hearing on remand, but that language was amended to refer instead to cases in which the trial judge was assigned to conduct a *new trial*." (*Id.* at p. 1262.) Thus, section 170.6, subdivision (a)(2) was not intended "to counter every possible situation in which it might be speculated that a court could react negatively to a reversal on appeal." (*Id.* at p. 1263.) That said, any potential bias "is restricted by state constitutional limits on the imposition of an aggregate sentence lengthier than that originally imposed." (*Id.* at p. 1257.)

Although the circumstances in *Andrew M. v. Superior Court* (2020) 43 Cal.App.5th 1116 (*Andrew M.*), differ from those in this case, the Court of Appeal's application of the reasoning in *Peracchi* is instructive. In *Andrew M.*, the court conditionally reversed the juvenile defendant's convictions in adult criminal court and remanded for a transfer hearing in juvenile court

14

under Proposition 57, which became effective while his appeal was pending.[4] (*Id.* at p. 1122.) When the case was remanded, the defendant filed a peremptory challenge. The trial court denied the challenge, finding that the transfer hearing was not a "new trial" under section 170.6. The defendant sought writ relief, and the Court of Appeal denied the petition. (*Id.* at p. 1120.) The court reasoned that the conditional reversal and remand for the transfer hearing did not disturb the verdict or vacate the sentence. (*Id.* at p. 1126.) Thus, the parties are not "'in the same position as if there had been no trial.'" (*Ibid.*) Like the transfer hearing in *Andrew M.*, the trial court's function at the subject hearing "'is not to go back and revisit any factual or legal terrain that has thus far been traversed, but to go *forward,*' to perform a judicial task required by new legislation." (*Id.* at p. 1127.)

We conclude the hearing conducted after a reversal and remand of a trial court's order denying a petition for resentencing is not a "new trial" within the meaning of section 170.6, subdivision (a)(2). Therefore, the trial court properly denied Estrada's peremptory challenge.

"Our conclusion avoids entangling courts in constitutional questions that are unique to criminal trials and that could arise if a resentencing

[4]    For background, "'"[a]mong other provisions, Proposition 57 amended the Welfare and Institutions Code to eliminate direct filing by prosecutors."'" [Citation.] When a minor has been charged in the juvenile court with a felony allegedly committed when the minor was 16 years of age or older, the prosecution may move "'to transfer the minor from juvenile court to a court of criminal jurisdiction.'" [Citation.] The prosecution has the burden to establish 'by a preponderance of the evidence the minor is not a suitable candidate for treatment under the juvenile court system.' [Citation.]" (*Andrew M., supra,* 43 Cal.App.5th at p. 1123.) At the transfer hearing, the court must consider several factors and the court has broad discretion in weighing those factors. (*Ibid.*) Proposition 57 applied retroactively to cases, like Andrew M.'s, that were pending when the legislation became effective.

15

hearing were to be considered a new trial.  [It] avoids the obvious practical difficulties [of] a mandatory case-by-case analysis of the question whether a particular sentencing hearing on remand will involve the exercise of trial court discretion sufficient to qualify the proceeding as a new trial . . . and a burdensome requirement that a new sentencing judge reexamine the factual basis for the verdict in order to perform his or her sentencing function." (*Peracchi, supra,* 30 Cal.4th at p. 1263.)

## DISPOSITION

The petition for writ of mandate is denied.  The stay of proceedings is lifted upon finality of this opinion.

**CERTIFIED FOR PUBLICATION**


ZUKIN, J.

WE CONCUR:



CURREY, P. J.



COLLINS, J.

16